## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CITY PLATING AND POLISHING, LLC**, an Ohio limited liability company, **THE LANDSKRONER LAW FIRM, LTD. d/b/a LANDSKRONER GRIECO MERRIMAN, LLC**, an Ohio limited liability company, **SHERELYNN LEHMAN**, and **LAP DISTRIBUTORS, INC.**, a Pennsylvania corporation, individually and on behalf of all others similarly situated, | Case No. : 1:19-cv-374 <br><br> **COMPLAINT - CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |
| *Plaintiffs*, | |
| *v.* | |
| **ST. AUGUSTINE SCHOOL OF MEDICAL ASSISTANTS, LLC**, a Delaware limited liability company, | |
| *Defendant*. | |

## CLASS ACTION COMPLAINT

Plaintiffs City Plating and Polishing, LLC, ("City Plating"), The Landskroner Law Firm, Ltd. d/b/a Landskroner Grieco Merriman, LLC ("LGM"), Sherelynn Lehman ("Lehman"), and Lap Distributors, Inc. ("Lap Distributors") (collectively "Plaintiffs") bring this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant St. Augustine School of Medical Assistants, LLC ("St. Augustine" or "Defendant") to: (1) stop Defendant's practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by its conduct. Plaintiffs, for their Complaint, alleges as follows upon

personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1.      St. Augustine operates an online medical assistant training program.[1]

2.      In an attempt to generate sales leads, and ultimately increase its revenues, St. Augustine created a fax-based marketing campaign wherein it sent numerous unsolicited faxes advertising its products and services across the country.

3.      St. Augustine sent the fax advertisements at issue to Plaintiffs and members of the Classes (defined below) despite: (i) having no previous relationship with them; and (ii) never receiving the recipients' consent to receive such faxes.

4.      The Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing, or having an agent fax, advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

5.      The JFPA further requires that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, instructions on how to opt out of future

---

[1] The legitimacy of Defendant's online program has been questioned for nearly a decade. See Statement of Donald A. Balasa, chief executive officer and legal counsel for the American Association of Medical Assistants calling Defendant a "diploma mill" in 2012 and noting that the AAMA had reported Defendant to the Federal Trade Commission in 2009. https://aamalegaleye.wordpress.com/2012/05/01/misleading-advertisements/

transmissions, and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

6.     As such, Defendant's fax advertisements violate the JFPA, and caused Plaintiffs and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

7.     Accordingly, Plaintiffs seek an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

## PARTIES

8.     Plaintiff City Plating is a limited liability company incorporated and existing under the laws of the State of Ohio.

9.     Plaintiff LGM is a limited liability company incorporated and existing under the laws of the State of Ohio.

10.     Plaintiff Lehman is a natural person and resident of Cuyahoga County, Ohio.

11.     Plaintiff Lap Distributors is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania.

12.     Defendant St. Augustine is a limited liability company incorporated and existing under the laws of the State of Delaware. St. Augustine systemically and continuously conducts business throughout this District, the State of Ohio, and the United States. St. Augustine can be

served through its registered agent, Corporations & Companies, Inc., located at 910 Foulk Road, Suite 201, Wilmington, Delaware 19803.

## JURISDICTION & VENUE

13.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

14.     The Court has personal jurisdiction over St. Augustine and venue is proper in this District because the wrongful conduct giving rise to Plaintiffs' cause of action occurred in, or was directed to, this District. Additionally, venue is proper in this District because Plaintiffs City Plating, LGM, and Lehman reside in this District.

15.     In addition, St. Augustine availed itself to the jurisdiction of the State of Ohio by transmitting the unauthorized fax advertisements to Plaintiffs and Class Members in this District, directing its marketing efforts toward this District, soliciting customers in this District, and entering into business contracts in this District. *See Advanced Dermatology v. Adv-Care Pharmacy, Inc.*, 1:17 CV 251, 2017 WL 5067576 (N.D. Ohio, Oct. 31, 2017) (Nugent, J.).

## COMMON ALLEGATIONS OF FACT

16.     St. Augustine offers a virtual medical assistant degree program.

17.     In order to boost sales and increase its revenues, St. Augustine sends numerous faxes advertising its virtual receptionist services.

18.     St. Augustine sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the JFPA.

19.     This is not a new practice.  St. Augustine has engaged in this unlawful behavior

4

for at least four years. Consumer complaints about St. Augustine's misleading and unlawful faxes are legion. Some examples from online consumer complaint boards include:

- Repeated spam fax marketing. Does not follow FCC rules. Failed to remove me from no fax list after repeated calls.[2]
- This is a junk advertising fax from www.MedAssistant.org.[3]
- Unsolicited and unwanted fax[4]
- Another unsolicited and unwanted fax[5]
- Still Another unsolicited and unwanted fax.[6]
- and yet Another unsolicited and unwanted fax.[7]
- OMG! Another unsolicited and unwanted fax[8]

20.    The faxes sent by St. Augustine constitute advertisements because they promote the commercial availability and quality of Defendant's virtual medical assistant degree program.

21.    The faxes sent by St. Augustine did not have a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time.

22.    St. Augustine used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

## FACTS SPECIFIC TO PLAINTIFF CITY PLATING

23.    On December 4, 2017, February 26, 2018, and August 6, 2018, St. Augustine

---

[2] https://www.bbb.org/us/ga/atlanta/profile/correspondence-schools/st-augustine-educational-services-inc-0443-17000613/complaints
[3] https://800notes.com/Phone.aspx/1-888-483-8941
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff City Plating. (True and accurate copies of the December 4, 2017, February 26, 2018, and August 6, 2018 fax advertisements are attached hereto as Exhibits A, B, and C.)

24.     Defendant's faxes promoted its virtual medical assistant degree program. (See Ex. A-C.)

25.     Plaintiff City Plating had no prior business relationship with St. Augustine and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

26.     St. Augustine created the content of the fax advertisements and transmitted them to Plaintiff City Plating and members of the Classes with the intention of generating sales and increasing its revenues.

## FACTS SPECIFIC TO PLAINTIFF LGM

27.     On October 22, 2018 and January 14, 2019, St. Augustine used a telephone facsimile machine to send unsolicited fax advertisements to Plaintiff LGM. (True and accurate copies of the On October 22, 2018 and January 14, 2019 fax advertisements are attached hereto as Exhibits D and E.)

28.     Defendant's faxes promoted its virtual medical assistant degree program. (See Ex. D-E.)

29.     Plaintiff LGM had no prior business relationship with St. Augustine and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

30.     St. Augustine created the content of the fax advertisements and transmitted them to Plaintiff LGM and members of the Classes with the intention of generating sales and

increasing its revenues.

## FACTS SPECIFIC TO PLAINTIFF LEHMAN

31.     On March 6, 2017, June 5, 2017, September 5, 2017, May 7, 2018, October 23, 2018, and January 14, 2019, St. Augustine used a telephone facsimile machine to send unsolicited fax advertisements to Plaintiff Lehman. (True and accurate copies of the March 6, June 5, 2017, September 5, 2017, May 7, 2018 and October 23, 2018, and January 14, 2019 fax advertisements are attached hereto as Exhibit F, G, H, I, J, and K.)

32.     Defendant's faxes promoted its virtual medical assistant degree program. (See Ex. F-K.)

33.     Plaintiff Lehman had no prior business relationship with St. Augustine and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

34.     St. Augustine created the content of the fax advertisements and transmitted them to Plaintiff Lehman and members of the Classes with the intention of generating sales and increasing its revenues.

## FACTS SPECIFIC TO PLAINTIFF LAP DISTRIBUTORS

35.     On October 22, 2018 and January 14, 2019, St. Augustine used a telephone facsimile machine to send unsolicited fax advertisements to Plaintiff Lap Distributors. (True and accurate copies of the October 22, 2018 and January 14, 2019 fax advertisements are attached hereto as Exhibits L and M.)

36.     Defendant's faxes promoted its virtual medical assistant degree program. (See Ex. L-M.)

37.     Plaintiff Lap Distributors had no prior business relationship with St. Augustine

7

and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

38.     St. Augustine created the content of the fax advertisements and transmitted them to Plaintiff Lap Distributors and members of the Classes with the intention of generating sales and increasing its revenues.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually, and on behalf of, two classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, St. Augustine, (iv) for whom St. Augustine did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

> **Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received an unsolicited telephone facsimile advertisement, (iii) sent by, or on behalf of, St. Augustine, (iv) for whom St. Augustine did not have a record of prior express consent to send the facsimile advertisements at the time they were sent, (v) where such facsimile advertisement failed to contain the required opt-out notice.

40.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) St. Augustine, St. Augustine's subsidiaries, parents, successors, predecessors, and any entity in which St. Augustine or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

41.     **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, St. Augustine faxed unsolicited advertisements to hundreds or thousands of individuals and entities who fall into the definition of the Classes. Class membership can be easily determined from Defendant's records.

42.     **Typicality**: Plaintiffs' claims are typical of the claims of the other members of the Classes. Plaintiffs are members of the Classes, and if St. Augustine violated the JFPA with respect to Plaintiffs, then it violated the JFPA with respect to the other members of the Classes. Plaintiffs and members of the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

43.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**No Consent Class:**

a.      How St. Augustine gathered, compiled, or obtained the fax numbers of Plaintiffs and the No Consent Class;

b.      Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

c.      Whether St. Augustine sent the fax advertisements without first obtaining Plaintiffs and the No Consent Class's prior express consent to do so;

d.      Whether St. Augustine sent the fax advertisements without first obtaining Plaintiffs and the No Consent Class's prior permission or invitation to do so; and

e.  Whether St. Augustine's conduct was willful such that Plaintiffs and the No Consent Class are entitled to treble damages.

**Opt-Out Class:**

a.  Whether St. Augustine's faxes advertised the commercial availability or quality of property, goods, or services;

b.  Whether St. Augustine's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

c.  Whether St. Augustine's conduct was willful such that Plaintiffs and the Opt-Out Class are entitled to treble damages.

44.  **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the Classes, and St. Augustine has no defenses unique to Plaintiffs.

45.  **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs.

46.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

10

this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiffs and the No Consent Class)

47. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

48. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

49. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

50. The faxes sent by St. Augustine advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are

11

advertisements under the JFPA.

51.     St. Augustine sent the facsimile advertisements at issue to Plaintiffs and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

52.     By sending the unsolicited advertisement faxes at issue to Plaintiffs and members of the No Consent Class without their prior express consent, St. Augustine violated 47 U.S.C. § 227(b)(1)(C).

53.     As a result of Defendant's conduct, Plaintiffs and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

54.     Plaintiffs and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

55.     Additionally, as a result of Defendant's unlawful conduct, Plaintiffs and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiffs and the Opt-Out Class)**

56.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

57.     The JFPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

58.     The faxes sent by St. Augustine advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the JFPA.

59.     St. Augustine sent facsimile advertisements to Plaintiffs and the Opt-Out Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that: (i) informed fax recipients of their legal right to opt out of receiving future facsimile advertisements; (ii) identified a facsimile number for fax recipients to transmit their opt-out requests to St. Augustine; and (iii) informed recipients of Defendant's own obligation to comply with opt-out requests within a reasonable time.

60.     Defendant's failure to include the opt-out notice information required by the JFPA deprived Plaintiffs and members of the Opt-Out Class of the ability to make informed decisions with respect to their legal right to not receive faxed advertisements and denied them of the information necessary to opt out of receiving future fax advertisements.

61.     By sending the advertisement faxes at issue to Plaintiffs and members of the Opt-Out Class without the opt-out information required by the JFPA, St. Augustine violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

62.     Plaintiffs and the Opt-Out Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages

under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

63.     Additionally, as a result of Defendant's unlawful conduct, Plaintiffs and the other members of the Opt-Out Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs City Plating, LGM, Lehman, and Lap Distributors, on behalf of themselves and the Classes, pray for the following relief:

1.      An order certifying the Classes as defined above, appointing City Plating, LGM, Lehman, and Lap Distributors as the representatives of the Classes, and appointing their counsel as Class Counsel;

2.      An order declaring that St. Augustine's actions, as set out above, violate the JFPA;

3.      An order declaring that St. Augustine's faxes constitute unsolicited advertisements, and that St. Augustine sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining St. Augustine from further violations, and otherwise protecting the interests of the Classes;

4.      An award of actual and statutory damages;

5.      An award of pre-judgment interest;

6.      An award of reasonable attorneys' fees and costs; and

7.      Such further and other relief the Court deems reasonable and just.

14

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

**CITY PLATING AND POLISHING, LLC**, **THE LANDSKRONER LAW FIRM, LTD.**, **SHERELYNN LEHMAN**, and **LAP DISTRIBUTORS, INC.**, individually and on behalf of all others similarly situated

Dated: February 20, 2019

By:    /s/Adam T. Savett
      One of Plaintiff's Attorneys

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiffs and the Putative Classes*