# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CITY PLATING AND POLISHING, LLC**, *et al*, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**ST. AUGUSTINE SCHOOL OF MEDICAL ASSISTANTS, LLC**,<br><br>*Defendant*. | Case No. : 1:19-cv-374-SL<br><br>**JUDGE SARA LIOI** |

## PLAINTIFFS' EX-PARTE MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY PRIOR TO RULE 26(F) CONFERENCE

**I.      Procedural Background**

Plaintiffs City Plating and Polishing, LLC, The Landskroner Law Firm, Ltd. d/b/a Landskroner Grieco Merriman, LLC, Sherelynn Lehman, and Lap Distributors, Inc. (collectively "Plaintiffs"), individually and on behalf of all other persons similarly situated, by and through their attorneys, respectfully submits this Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference. Plaintiffs' Motion is based on the following Memorandum in Support.

On February 20, 2019, Plaintiffs filed this class action lawsuit seeking damages and injunctive relief against St. Augustine School of Medical Assistants, LLC ("St. Augustine" or "Defendant") pursuant to the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq*. ("TCPA"). [Doc. No. 1]. On February 21, 2019, Plaintiffs attempted to serve Defendant's registered agent with a summons and a copy of Plaintiffs' Original Class Action Complaint by

personal service, but Plaintiffs' process server was informed that Defendant's agent, Corporations and Companies, Inc. had recently resigned. Delaware law requires a limited liability company, such as Defendant, to "have and maintain in the State of Delaware...[a] registered agent for service of process on the limited liability company." 6 Del C 18-104(a)(2).

Despite Defendant's failure to continuously maintain an agent for service of process, Plaintiffs attempted, through reasonable diligence, to find an alternative address for Defendant's officers, but were unable to do so.

Thereafter, on February 22, 2019, pursuant to Delaware statute, Plaintiffs had the Secretary of State served by personal service as "such service shall be as effectual for all intents and purposes as if made in any of the ways provided for in subsection (a) of this section." 6 Del C 18-105(b). [Doc. No. 8 at 69]

Plaintiffs filed the Executed Return of Service on March 6, 2019. Defendant was required to file an answer or responsive pleading on or before March 15, 2019.

On April 5, 2019, Plaintiffs moved for entry of a clerk's default [Doc. No. 9]. On April 11, 2019, the clerk entered a default as to Defendant [Doc. No. 10].

As Defendant has failed to appear in this litigation or to respond to any communication from Plaintiffs' counsel, it is impossible to schedule and hold a Rule 26(f) Conference at this time.

## II.   Summary of Information Sought

Plaintiffs seek to serve three narrowly tailored subpoenas – one on the internet service provider (ISP) identified as hosting Defendant's website identified in the complaint, and two on telecom companies identified as service providers for local and toll-free numbers identified in the complaint or on Defendant's website. [Doc. 1 at 5 ¶ 19, Doc. 1-1 at 17, 19, 21, 23, 25, 27, 29,

31, 33, 35, 37, 39, 41].[1] The website, as well as the toll-free and local numbers, are identified in the complaint as likely belonging to, or utilized by, Defendant. *Id.*

Plaintiffs intend to serve limited scope subpoenas on the relevant entities (Tucows, Bandwidth, and TimeShift) seeking documents sufficient to identify the name and address of the owner of the website in question and the subscribers of telephone number 770-545-6470 and 888-483-8941, during the class period. Drafts of the proposed subpoenas are attached as Exhibits 1-3 to this memorandum. Plaintiffs seek this information to assist in determining whether they need to amend their complaint to add additional parties to the litigation.

### III.     Argument

Fed. R. Civ. P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order. Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Comm. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *Arista Records, LLC v. Does 1-15*, 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery. *See Arista Records*, 2007 WL 5254326, at *2; *Best v. Mobile Streams, Inc.*, 1:12-cv-00564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012).

The party seeking expedited discovery bears the burden of demonstrating good cause. *Qwest*, 213 F.R.D. at 419. "Good cause may be found where the need for expedited discovery, in

---

[1] Tucows, Inc: ("Tucows") is identified as the registrar for http://www.medassistant.org. Bandwidth Inc. ("Bandwidth") is identified as the telecom provider for 770-545-6470 and TimeShift, Inc. ("TimeShift") as the telecom provider for 888-483-8941.

3

consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records*, 2007 WL 5254326, at *2. In determining whether good cause exists, the Court will consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *Caston v. Hoaglin*, Civ. No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). Finally, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

Plaintiffs have clearly met that burden here, as the information sought is narrowly tailored, solely within the possession of those third-parties, and will inform whether Plaintiffs need to amend their complaint to add additional parties to the litigation.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference.

Respectfully submitted,

**CITY PLATING AND POLISHING, LLC, THE LANDSKRONER LAW FIRM, LTD., SHERELYNN LEHMAN, and LAP DISTRIBUTORS, INC.**, individually and on behalf of all others similarly situated

Dated: August 19, 2019     by:   /s/Adam T. Savett

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiffs and the Putative Classes*

4

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Motion for Leave to Conduct Limited Discovery Prior to a Rule 26(f) Conference was filed electronically on August 19, 2019, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all properly registered parties by operation of the Court's electronic case filing system and a copy of the foregoing document was also sent via first class mail, postage prepaid, to:

> St. Augustine School of Medical Assistants, LLC
> 2870 Peachtree Rd NW
> Atlanta, GA 30305-2918

/s/ *Adam T. Savett*
Adam T. Savett
*Attorney for Plaintiffs*