# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CITY PLATING AND POLISHING, LLC, et al., | CASE NO. 1:19-cv-374 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | MEMORANDUM OPINION AND ORDER |
| ST. AUGUSTINE SCHOOL OF MEDICAL ASSISTANTS, LLC, | |
| DEFENDANT. | |

Plaintiffs brought suit against defendant St. Augustine School of Medical Assistants, LLC ("St. Augustine School") alleging violations of the Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 (the "Act"), 47 U.S.C. § 227. (Doc. No. 1 (Complaint), filed Feb. 20, 2019.) St. Augustine School is the only defendant identified in the complaint. (*See id.*) Plaintiffs brought their claims on behalf of themselves and on behalf of a class of similarly situated individuals.

On April 5, 2019, filed an application with the Clerk of Court for entry of default against St. Augustine School, pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 9.) On April 11, 2019, the Clerk entered default against St. Augustine School. (Doc. No. 10.) No further activity on the docket took place until the Court entered a non-document order, noting that while default had been entered against St. Augustine School, plaintiffs had "failed to move for a default judgment

in accordance with Fed. R. Civ. P. 55(b)." (Non-document Order, Aug. 13, 2019.) The Court directed plaintiffs to "show cause by August 21, 2019 why this case should not be dismissed for failure to prosecute." (*Id.*)

Plaintiffs did not directly respond to the order to show cause. Instead, on August 19, 2019, plaintiffs filed an *ex parte* motion for leave to conduct limited discovery prior to the Rule 26(f) conference. (Doc. No. 12 ["Mot."].) In their motion, plaintiffs summarized their difficulties in perfecting service upon St. Augustine School. But instead of moving for default judgment against St. Augustine School, plaintiffs sought leave to serve three subpoenas on third-parties. (Mot. at 103.) Plaintiffs represent that they "seek this information to assist in determining whether they need to amend their complaint to add additional parties to the litigation." (*Id.* at 104.) Specifically, plaintiffs seek leave to serve three subpoenas—"one on the internet service provider (ISP) identified as hosting [St. Augustine School's] website identified in the complaint, and two on telecom companies identified as service providers for local and toll-free numbers identified in the complaint or on [St. Augustine School's] website"—and have attached the proposed subpoenas to their motion. (Mot. at 103; *see* Doc. Nos. 12–1 through 12-3.)

Rule 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). But Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order. *Id.* The determination of whether to permit expedited discovery lies within the discretion of the district court. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *Arista Records, LLC v. Does 1-15*, 2:07-CV-450, 2007 WL 5254326, at *2 (S.D.

Ohio Nov. 5, 2007). The party seeking expedited discovery bears the burden of demonstrating good cause for it. *See Obeidallah v. Anglin*, No. 2:17-cv-720, 2017 WL 5192925, at *2 (S.D. Ohio Nov. 9, 2017) (noting that "[c]ourts considering a motion for expedited discovery [including court within the Sixth Circuit] typically apply a good cause standard[]"); *Qwest Commc'ns*, 213 F.R.D. at 419. In determining whether good cause exists, the Court will consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, No. 2:08-CV-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009).

Plaintiffs' motion for discovery under Fed. R. Civ. P. 26(d) is GRANTED in part. The Court finds that plaintiff has shown good cause for issuing the subpoenas attached to their motion at Doc. No. 12–1 and Doc. No. 12–3,[1] as these discovery requests are narrowly tailored and specifically designed to extract the identity of possible defendants to this action.

Accordingly, the Court grants plaintiffs leave for sixty (60) days from the date of this Order to conduct the limited discovery outlined above. At the end of this period (and if still appropriate), and by no later than November 26, 2019, plaintiffs shall move for default judgment against St. Augustine School[2] and move to amend the complaint to add additional defendants identified in early discovery or advise the Court that no further defendants will be added to this

---

[1] The Court cannot find any reference in the proffered record cites to the 770-545-6470 telephone number that is the subject of the subpoena attached at Doc. No. 12-2. If plaintiffs intend to pursue early discovery on this telephone number they must show cause within 10 days why such discovery is appropriate, with pinpoint cites showing where this number appears in the record.

[2] Before a default judgment may enter, a party must first obtain a default. Fed. R. Civ. P. 55(a). After a party secures an entry of default, the party may apply for a default judgment under Fed. R. Civ. P. 55(b). Here, plaintiffs obtained an entry of default against St. Augustine School but did not seek a default judgment against it and have, therefore, failed to prosecute their claims against the school. *See, e.g., Fisher v. Henderson*, 105 F.R.D. 515, 519 (N.D. Tex. 1985) (failure of plaintiff to pursue entry of default judgment against defendants against whom clerk entered default required dismissal for failure to prosecute) (citing Fed. R. Civ. P. 41(b)).

action. Failure to take this action will result in dismissal of this litigation for failure to prosecute.

**IT IS SO ORDERED**.

Dated: September 26, 2019

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**