# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CITY PLATING AND POLISHING, LLC, et al., | CASE NO. 1:19-cv-374 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER |
| ST. AUGUSTINE SCHOOL OF MEDICAL ASSISTANTS, LLC, | |
| DEFENDANT. | |

On April 5, 2019, plaintiffs filed an application with the Clerk of Court for entry of default against the only defendant identified in the complaint, St. Augustine School, pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 9.) On April 11, 2019, the Clerk entered default against St. Augustine School. (Doc. No. 10.) No further activity on the docket took place until the Court entered a non-document order, noting that while default had been entered against St. Augustine School, plaintiffs had "failed to move for a default judgment in accordance with Fed. R. Civ. P. 55(b)." (Non-document Order, Aug. 13, 2019.) The Court directed plaintiffs to "show cause by August 21, 2019 why this case should not be dismissed for failure to prosecute." (*Id.*)

Plaintiffs did not respond to the show cause order, or otherwise move for default judgment against St. Augustine School. Instead, plaintiffs requested leave pursuant to Fed. R. Civ. P. 26(d) to conduct expedited discovery for the purpose of identifying other possible defendants to this action. (Doc. No. 12 (Motion).) In a Memorandum Opinion and Order dated September 26, 2019, the Court granted plaintiffs' motion for expedited discovery. (Doc. No. 13

(Memorandum Opinion and Order ["Order"]).) In particular, the Court's Order provided:

> the Court grants plaintiffs leave for sixty (60) days from the date of this Order to conduct limited discovery outlined [in the Order]. At the end of this period (and if still appropriate), and *by no later than November 26, 2019*, plaintiffs shall move for default judgment against St Augustine School and move to amend the complaint to add additional defendants identified in early discovery or advise the Court that no further defendants will be added to this action. *Failure to take this action will result in dismissal of this litigation for failure to prosecute.*

(Order at 121–22 (page numbers refer to the page identification number generated by the Court's electronic docketing system) (emphasis added and footnote omitted)).

A review of the docket reflects that plaintiffs have failed to take any of the action directed by the Court in its September 26, 2019 Order, and the time for taking such action has passed. Specifically, plaintiffs have failed to move for default judgment against St. Augustine School, move to amend to add other defendants, or otherwise advise the Court that no further defendants will be added to this litigation. As such, plaintiffs are in violation of the Court's Order.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999). When exercising its discretion, a district court

considers a variety of factors, including whether the party was warned of the possible consequences and whether less drastic sanctions are available. *Wu v. T.W. Wang, Inc*., 420 F.3d 641, 643 (6th Cir. 2005).

Applying the relevant factors, the Court finds that dismissal for failure to prosecute is appropriate. First, fault lies with plaintiffs for failing to comply with the Court's Order and its previous show cause order. Further, this matter has now been pending for more than nine (9) months and not a single defendant has been properly served. *See generally Miller v. Michigan Dep't of Corr. Healthcare Providers*, 986 F. Supp. 1078, 1079 n.1 (W.D. Mich. 1997) (failure to identify John Doe defendants constitutes failure to prosecute and warrants dismissal under both Rules 4(m) and 41(b)). Moreover, the Court specifically warned plaintiffs in its show cause order and again in its recent Order that failure to comply with the Court's instructions would result in dismissal of this action. Finally, the Court already extended the deadlines for service in this action and permitted plaintiffs to conduct early discovery, and the case is still not in a position to go forward with proper parties. Under these circumstances, dismissal with prejudice is appropriate.

For these reasons, the Court hereby DISMISSES this action with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute. This case is closed.

**IT IS SO ORDERED**.

Dated: December 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**